**Ex parte R.L. JEFFERSON, Jr.**

**No. 69089.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1984.

Rehearing Denied Dec. 19, 1984.

Robert G. Brame, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an application for writ of habeas corpus. The question in this case is whether the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars prosecution for the crime of theft of a pickup truck following a conviction for the offense of unauthorized use of the same vehicle. Applicant alleges that on April 12, 1982, he was convicted in Cause No. 346581 in the 177th Judicial District Court of Harris County for the offense of unauthorized use of a motor vehicle, namely a pickup truck owned by Tom Rogers. On June 24, 1982, he was convicted in Cause Number F81–33294–LU in the 291st Judicial District Court of Dallas County for the offense of theft over $200, the subject of the theft being the same pickup truck.

In findings of facts and conclusions of law, the trial judge in this case reviewed applicant's application without holding any type of evidentiary hearing and found the application to be without merit in that the applicant had furnished insufficient facts upon which to make an adjudication of his claim. After receiving the application for writ of habeas corpus and the trial judge's findings of fact and conclusions of law, this Court entered an order abating the application and ordering the trial court to further develop the underlying facts and, in turn, file additional findings of fact and conclusions of law.

This Court has now received the trial court's supplemental findings of fact and conclusions of law wherein the trial court noted that it had conducted a lengthy evidentiary investigation and had come to the conclusion that relief should be granted. Attached to the trial court's findings is an affidavit from the Dallas County district attorney's office setting out that the theft charges in Dallas related to the theft of a pickup belonging to Tom Rogers of Dallas County on November 13, 1981, and applicant was arrested in Houston, Harris Coun-

ty, on December 12, 1981, for driving the same truck previously stolen from Tom Rogers in Dallas County.

■ This Court, of course, is not bound by the findings of the trial judge in Article 11.07, V.A.C.C.P., matters, but the trial court's findings are considered if supported by the record. *Ex parte Hurd*, 613 S.W.2d 742 (Tex.Cr.App.1981). In this case we believe they have merit.

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court enunciated the proper test to be used in determining whether there is more than one offense:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

Applying the *Blockburger* test to a situation very similar to the one in the case at bar, the United States Supreme Court, in *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), held that the double jeopardy clause prohibited prosecution for the offense of joy-riding and theft under the Ohio statutes where the charges focused on different parts of a nine-day joy ride:

"Applying the *Blockburger* test, we agree with the Ohio Court of Appeals that joyriding and auto theft, as defined by the court, constitute 'the same statutory offense' within the meaning of the Double Jeopardy Clause—App. 23. For it is clearly *not* the case that 'each [statute] requires proof of a fact which the other does not.' 284 U.S. at 304, 52 S.Ct. at 182. As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." 432 U.S. at 168, 97 S.Ct. at 2226.

. . . . .

"The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." 432 U.S. at 169, 97 S.Ct. at 2227.

■ In *Neely v. State*, 571 S.W.2d 926 (Tex.Cr.App.1978), this Court held under the Texas statutory scheme the offense of unauthorized use of a motor vehicle is a lesser included offense of theft. Thus, under the reasoning of *Brown v. Ohio*, supra, applicant could not rightfully be convicted for both the theft and the unauthorized use of Tom Rogers' pickup truck.

The relief prayed for is granted and applicant's conviction in Cause No. F81–33294–LU in the 291st Judicial District Court of Dallas County is set aside and the indictment is ordered dismissed.