David Keith ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–91–166–CR to 3–91–168–CR.

Court of Appeals of Texas, Austin.

Jan. 22, 1992.

Bob D. Odom, Belton, for appellant.

James T. Russell, Administrative Asst., Bell County Dist. Atty. Office, Belton, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

By three indictments in three separate causes, appellant was charged with theft. Tex.Penal Code Ann. § 31.03(a) (1989). Appellant pleaded not guilty in each cause. The cases were tried together to the court, which found appellant guilty in each cause. The trial court fixed appellant's punishment at thirty-five years' imprisonment in cause no. 39,470; twenty years' imprisonment in cause no. 39,471; and twenty years' imprisonment in cause no. 39,472.[1] We will affirm the convictions.

1. The district court cause nos. 39,470, 39,471 and 39,472 are docketed on appeal as 3–91–166–

## I. CAUSE NO. 3–91–166–CR

Appellant raises a single point of error in cause number 3–91–166–CR, in which he asserts the evidence is insufficient to establish that the property taken was of a value greater than $750.00 and less than $20,-000.00 because the items of property alleged to have been taken were taken in separate and distinct incidents and neither was of a value in excess of $750.00.[2]

In reviewing the sufficiency of the evidence to sustain the conviction, the standard of review on appeal is the same for both direct and circumstantial evidence cases. The critical inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2787–88, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985). In circumstantial evidence cases we must also determine whether the evidence viewed in the light most favorable to the verdict excludes every reasonable hypothesis except the defendant's guilt. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983).[3] The appellate court must consider all of the evidence presented whether properly or improperly admitted. *Nickerson v. State*, 810 S.W.2d 398, 400 (Tex.Crim.App.1991).

The indictment alleged, in pertinent part, that appellant unlawfully acquired and exercised control over "one saddle and one trailer of the value of more than seven hundred and fifty dollars and less than twenty thousand dollars from Charles E. Ritz...." Appellant argues that the State failed to prove that both items were stolen in a single act of theft. Appellant asserts the proof establishes that the saddle and trailer were taken on different occasions and that neither item exceeds $750.00 in

value. Therefore, appellant argues, the maximum punishment he should have received was a term of confinement of ten years.[4]

Charles Ritz testified that in July 1990 appellant accompanied him to his property south of Killeen in Bell County. While there, appellant expressed an interest in using Ritz's flat bed trailer and also "noticed" Ritz's saddle hanging in the barn. Ritz later determined that the saddle and trailer were missing. Remembering appellant's interest in these items, Ritz called appellant expressly to inquire what he had done with them. Ritz testified that appellant admitted taking the saddle and trailer, but told Ritz that he was having the saddle cleaned and the trailer repaired. In fact, appellant had pawned the saddle and sold the trailer.

On the stand, appellant admitted he took the saddle and trailer, but disputed that: (1) he took them at the same time; and (2) the items individually, or collectively, exceed $750.00 in value. Ritz testified that both items "disappeared right about the same time." He further testified, "I can't say for sure if he took them on the same day but I do know they were—they both disappeared the same time frame." Ritz valued his saddle at $300 to $350.00 and his trailer at $700.00. Mr. Johnny Fisher, an experienced auctioneer, estimated the value of the trailer, which had new tires, to be "at least $750.00." Mr. Langford, who owned the pawnshop where appellant had pawned Ritz's saddle, valued the saddle at $200.00 to $250.00.

The trial judge, in a trial before the court, is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by the State or defensive witnesses. *Minx v. State*, 615 S.W.2d 748, 749 (Tex.Crim.App.

CR, 3–91–167–CR and 3–91–168–CR, respectively.

**2.** The indictment alleged third degree felony theft. Tex.Penal Code Ann. § 31.03(e)(4)(A) (Supp.1992). After enhancement appellant was punished as an habitual offender. Tex.Penal Code Ann. § 12.42(d) (Supp.1992).

**3.** This holding in *Carlsen* was prospectively overruled in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). *Carlsen* continues to apply to cases tried before November 6, 1991.

**4.** *See* Tex.Penal Code Ann. §§ 31.03(e)(4)(E) & 12.34(a)(1) (Supp.1992).

1981). The trial court was free to disbelieve appellant's testimony and conclude from Ritz's testimony that appellant took the saddle and trailer on the same occasion. Furthermore, the trial testimony showing that appellant disposed of the stolen items on different dates is not evidence tending to establish that he took the items on different dates.[5] Finally, Fisher's testimony, that the trailer with new tires was worth at least $750.00 in July of 1990, is sufficient to support a finding that the value of the trailer alone exceeded $750.00. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ Additionally, despite appellant's testimony that he took the items on separate occasions, we conclude that when the evidence is viewed in the light most favorable to the verdict, it excludes every reasonable hypothesis but guilt. Appellant admitted that: (1) he did not own the saddle or trailer; (2) he took both items; (3) he pawned the saddle; (4) he sold the trailer; and (5) Ritz did not give him permission to sell the trailer or saddle. Ritz denied giving appellant permission to take, pawn, or sell the saddle or trailer. The evidence is sufficient to support the conviction. Appellant's point of error is overruled.

## II. CAUSE NOS. 3–91–167–CR & 3–91–168–CR

In a single point of error, appellant asserts the trial court erred in assessing punishment at twenty years' imprisonment in each of these two causes. Specifically appellant contends that the punishment was unlawfully enhanced pursuant to Tex.Penal Code Ann. § 12.42(a) (1974).

The first paragraph of the indictment in each cause charged appellant with theft of property of the value of more than two hundred dollars and less than seven hundred and fifty dollars. The second and third paragraphs of each indictment then alleged that, before the date of the alleged offense, appellant had been twice convicted of felony theft in Travis County. The fourth paragraph of each indictment alleged that appellant had been previously convicted in Williamson County of the felony offense of unauthorized use of a vehicle.[6] The trial court found appellant guilty in each cause and found the three allegations of previous felony convictions true.

Article 31.03(e)(4)(E) provides that a theft shall be a third degree felony if the value of the property stolen is less than $750 and the defendant has been previously convicted two or more times of any grade of theft. Tex.Penal Code Ann. § 31.03(e)(4)(E) (Supp. 1992).[7] The two previous theft convictions thus made these offenses third degree felonies. The court then relied on the previous conviction for unauthorized use of a vehicle to enhance the charged offenses pursuant to § 12.42(a) to second degree felonies.[8]

■ Upon a conviction under § 31.-03(e)(4)(E), the defendant's punishment may be enhanced pursuant to § 12.42(a) provided the previous conviction used to enhance is for an offense other than theft. *Rawlings v. State*, 602 S.W.2d 268 (Tex. Crim.App.1980). Appellant argues that unauthorized use of a vehicle is a theft of-

---

5. Consequently, Tex.Penal Code Ann. § 31.09 (1989) does not apply in this cause. Article 31.09 provides:

> When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

Tex.Penal Code Ann. § 31.09 (1989). Article 31.09 applies only to cases where multiple thefts are committed and the values of the property are aggregated to determine the grade of the offense. It does not apply where, as here, the indictment alleges one act of theft where two items are taken and the total value of these items is alleged. *Coleman v. State*, 777 S.W.2d 738 (Tex.App.1989, no pet.)

6. Tex.Penal Code Ann. § 31.07 (1989).

7. The maximum punishment for a third degree felony is ten years imprisonment and a $10,000 fine. Tex.Penal Code Ann. § 12.34(a)(1) (Supp. 1992).

8. Tex.Penal Code Ann. § 12.42(a) (1974).

fense and, therefore, his previous conviction for this offense was improperly used for enhancement in these causes.

■ Appellant first points out that § 31.07 is found in chapter 31 of the Penal Code. Chapter 31 is part of title 7, which is denominated "Offenses Against Property." Chapter 31 is entitled "Theft." Each section in chapter 31 bears the specific subtitles of the offenses contained in the theft chapter. Section 31.03 is subtitled "Theft." From this scheme we may surmise that the offenses grouped under title 7 all relate to offenses against property; that those contained in chapter 31 pertain to theft-type offenses; and that § 31.03 specifically defines what constitutes the offense of theft.

Section 31.02 recites that § 31.03 consolidates a number of former theft offenses.[9] Unauthorized use of a vehicle is not one of the former theft offenses enumerated in § 31.02. The practice commentary to § 31.02 specifically recites that driving a motor vehicle without the owner's consent is treated separately because it covers conduct that does not constitute theft. Seth S. Searcy III & James R. Patterson, *Practice Commentary*, Tex.Penal Code Ann. § 31.02 (1989).

■ A comparison of the theft and unauthorized-use sections of the code illustrates that the *mens rea* element in § 31.03 is not an element of § 31.07. Section 31.03 provides: "A person commits an offense if he unlawfully appropriates property with *intent to deprive the owner of property.*" Tex.Penal Code Ann. § 31.03(a) (1989) (emphasis added). "Deprive" is defined in § 31.01(3)(A) as "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." Tex.Penal Code Ann. § 31.-01(3)(A) (1989). To constitute theft, the actor, at the time he acquires the property, must intend to deprive the owner of the

property. Seth S. Searcy III & James R. Patterson, *Practice Commentary*, Tex.Penal Code Ann. § 31.03 (1989).

■ Section 31.07 provides: "A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." Tex.Penal Code Ann. § 31.07 (1989). Section 31.07 proscribes the use of property without the owner's consent even if the actor has no intent to deprive the owner of the property. Seth S. Searcy III & James R. Patterson, *Practice Commentary*, Tex.Penal Code Ann. § 31.07 (1989).

Appellant next argues that because the court of criminal appeals has held that unauthorized use of a vehicle is a lesser included offense of theft, *Neely v. State*, 571 S.W.2d 926, 928 (Tex.Cr.App.1978), it should be treated as a theft offense. Appellant cites a double jeopardy case, *Ex parte Jefferson*, 681 S.W.2d 33, 34 (Tex.Cr.App.1984), to support his argument. In *Ex parte Jefferson*, the court of criminal appeals held that a defendant could not be convicted for both the theft and the unauthorized use of the same pickup truck. *Ex parte Jefferson*, 681 S.W.2d at 34. The court relied on the reasoning in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), that the greater offense of auto theft was the same, for purposes of double jeopardy, as the lesser included offense of joyriding.

In the two causes before us, appellant was convicted of a violation of: (1) theft of cattle panels from Johnny Cloud on July 15, 1990; and (2) theft of U.S. currency from James Tomme on July 23, 1990. The previous conviction for unauthorized use of a vehicle used to enhance was not a lesser-included offense of either charged offense. Rather, the previous conviction was based on a wholly unrelated criminal episode for which appellant was convicted in 1989.

---

**9.** Section 31.02 provides:
Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property. Tex.Penal Code Ann. § 31.02 (1989).

Therefore, the reasoning of *Brown* and *Jefferson* does not apply here.

We hold that the § 31.07 conviction may be used to enhance punishment, pursuant to § 12.42(a) following a conviction under § 31.03(e)(4)(E). Appellant's point of error is overruled.

### III. CONCLUSION

The judgments of conviction are affirmed.