In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-299 CR


____________________



DREW FELDPAUSCH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CR-22694






OPINION


 Drew Feldpausch was convicted of robbery and sentenced to eight years of
confinement in the Texas Department of Criminal Justice, Institutional Division. The two
points of error raised on appeal from the bench trial challenge the legal and factual
sufficiency of the evidence with regard to the element of bodily injury. 

 When reviewing the legal sufficiency of the evidence, we look at the evidence in
the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). When
reviewing the factual sufficiency of the evidence, we must decide whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the factfinder's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 The indictment alleged "that Drew Feldpausch . . ., while in the course of
committing theft of property and with intent to obtain or maintain control of said property,
intentionally, knowingly, or recklessly cause[d] bodily injury to [the complainant] by
striking at [the complainant] with defendant's hand causing [the complainant] to fall to the
ground, . . ." Feldpausch contends that the State failed to meet its burden of proof on the
bodily injury element of robbery. See Tex. Pen. Code Ann. § 29.02(a)(1) (Vernon
1994). The victim, a pizza delivery man, testified that, instead of paying for the $50 worth
of food that had been ordered, Feldpausch swung at him with a closed fist. The delivery
man ducked, but Feldpausch's fist grazed the top of the delivery man's head and he fell
to the ground on the concrete parking lot, hurting his hand in the process of breaking his
fall. His contact with the concrete left a two to three inch scratch on the palm of his right
hand. On cross-examination, the complainant insisted that he reported the injury to the
sheriff's deputy who responded immediately after the offense. 

 Detective Ron Stubblefield of the Lufkin Police Department, who took the victim's
statement some seven weeks after the crime, did not mention the hand injury in his report. 
Stubblefield testified that the victim did relate having fallen down on the concrete. 

 Testifying on his own behalf, Feldpausch admitted that he took the two two-liter
bottles of soda, then grabbed the three pizzas and ran away, but denied he swung at the
pizza delivery man before taking the merchandise, and that the complainant fell down. 

 The appellant argues that the evidence is legally insufficient to prove beyond a
reasonable doubt that he caused bodily injury to the complainant because the State failed
to produce any medical records or independent evidence to support the victim's testimony.
Similar facts were sufficient to establish bodily injury in Lane v. State, 763 S.W.2d 785,
786-87 (Tex. Crim. App. 1989), and Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim.
App. 1975). The issue in those cases was whether momentary pain and a small bruise on
the arm constituted "bodily injury." The court reasoned that any level of violence
perpetrated against another for the purpose of preventing or overcoming resistance to theft,
without regard to the degree or character of the physical force exerted, elevated mere
purse-snatching to robbery. Lane v. State, 763 S.W.2d at 787; Lewis v. State, 530 S.W.2d
at 118. And in an assault case, Wawrykow v. State, 866 S.W.2d 87, 90 (Tex. App.--Beaumont 1993, pet. ref'd), we held that, even in the absence of any testimony that the
officer felt pain or was hurt by the contact, bodily injury was established by testimony that
the appellant shoved the officer in the chest hard enough to push him out of a doorway. 
 In this case, it is not so much the degree of pain or injury that the appellant
challenges, but the lack of corroboration of the complaining witness's testimony. There
appears to have been no such corroboration in Lane and Lewis, and Feldpausch cites no
precedent in which the victim's uncorroborated testimony was insufficient to establish
bodily injury in a prosecution for robbery. The trial judge, when sitting as the sole trier
of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony, and may accept or reject any part or all of the testimony given by the
State or defensive witnesses. Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App.
1995); Alexander v. State, 823 S.W.2d 754, 756-57 (Tex. App.--Austin 1992, no pet.). 
In Alexander, the trial court was free to disbelieve the appellant's testimony that he stole
two items on different dates and, considering the victim's testimony that he noticed the two
items missing at the same time, conclude that the appellant took the property on the same
occasion. Id. In this case, the trial court could rationally believe the complaining
witness's version of the facts and disbelieve the appellant's. Point of error one is
overruled.

 Next, the appellant argues that the evidence is factually insufficient because no
independent testimony or medical evidence corroborated the victim's testimony and
Feldpausch refuted the victim's claim of bodily injury with his own testimony. Again, the
trial court could believe the victim's testimony that his hand was scratched in the fall and
the officer's testimony that the victim told him about the fall, and conclude that, although
not mentioned in the report, the injury to the victim's hand did in fact occur. Likewise,
the trial court could disbelieve the appellant's testimony that he did not strike the victim
and that the victim did not fall down. The fact that the witness's testimony regarding the
scratch was not corroborated by medical records does not render it so weak that a
conviction based solely upon the testimony of the victim is clearly unjust. We cannot
conclude that the verdict is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust, where the only evidence contradicting the victim came from
the accused. Point of error two is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on January 24, 2003

Opinion Delivered February 5, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.