Gerald Donald FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00510–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 2006.

Kim A. Park, Houston, for Appellant.

William J. Delmore, Asst. Dist. Atty., Charles A. Rosenthal, Dist. Atty., Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK, Justice ALCALA and Justice BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Gerald Donald Franklin, appeals from the trial court's judgment convicting him for third-offender theft, a state jail felony, which was enhanced to a second degree felony by prior felony convictions for unauthorized use of a motor vehicle (UUMV) and robbery. *See* TEX. PEN.CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.2006). The trial court sentenced appellant to ten years in prison. In his first point of error, appellant asserts that the trial court erred in the punishment phase of trial by sentencing him to a term of imprisonment within the punishment range for a second degree felony because his convictions for UUMV and robbery are theft convictions that cannot be used to enhance the punishment range for third-offender theft. In his second point of error, appellant challenges the trial court's refusal to instruct the jury on the lesser-included offense of misdemeanor theft during the guilt/innocence phase of trial, asserting that the State failed to prove that appellant was convicted for theft on the date listed on the indictment in one of the enhancement paragraphs. We conclude that UUMV and robbery are not theft convictions because they do not consist of the same elements that define theft under section 31.03 of the Penal Code. *See* TEX. PEN.CODE ANN. § 29.02(a) (Vernon 2003) (robbery); § 31.03(a) (Vernon Supp.2006) (theft); § 31.07(a) (Vernon 2003) (UUMV). Therefore, UUMV and robbery may properly be used to enhance the state jail felony of third-offender theft to the range of punishment for a second degree felony. *See* TEX. PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp. 2006). We also conclude that appellant was not entitled to a jury instruction for the lesser-included offense of misdemeanor theft because the undisputed evidence shows that appellant was convicted of the theft alleged in the enhancement paragraph on the same date alleged in the indictment. We affirm.

### Background

On September 4, 2004, appellant entered a retail store, removed two cellular telephones that were valued at $199 from a display case, and left the store without paying for them. Appellant was arrested and charged with theft.

The theft charge was elevated from a misdemeanor to a state jail felony third-offender theft by the inclusion of two enhancement paragraphs that alleged that

appellant was previously convicted of theft in County Court at Law No. 11, in cause number 1252627 on August 13, 2004, and in the 174th District Court in cause number 386298 on July 13, 1984. The third-offender theft offense was elevated to the punishment range for a second degree felony by inclusion of two punishment enhancement paragraphs that asserted that appellant had been previously convicted of UUMV and robbery.

Appellant pleaded not guilty to the jury. At trial, the undisputed evidence concerning the proof of one of the prior theft convictions used to enhance the third-offender theft established that appellant had been placed on probation for theft in the 174th District Court on August 12, 1983, and that the probation was revoked by the trial court on July 13, 1984, when appellant was sentenced to three years in prison. At the close of evidence, appellant requested a jury instruction on the lesser-included offense of misdemeanor theft, on the grounds that the State had failed to prove that appellant's prior theft conviction occurred on July 13, 1984, as alleged in the indictment. The trial court refused the jury instruction on the lesser-included offense of misdemeanor theft, charging the jury only with the offense of felony third-offender theft.

The jury found appellant guilty of third-offender theft. Appellant pleaded true to both punishment enhancement paragraphs that alleged the prior convictions for UUMV and robbery. The trial court found true both paragraphs and sentenced appellant to ten years in prison, which was within the range of punishment for a second degree felony.

## Second Degree Range of Punishment

In his first point of error, appellant contends that the offenses used to enhance his punishment, UUMV and robbery, are theft offenses that cannot be used to enhance a conviction for state jail felony third-offender theft to the range of punishment for a second degree felony. Appellant contends that he should have been sentenced under the range of punishment for a state jail felony.

A theft offense is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. TEX. PEN.CODE ANN. § 31.03(e)(4)(D). A state jail felony is punishable by confinement of no less than 180 days and no more than two years. TEX. PEN.CODE ANN. § 12.35(a) (Vernon 2003). Under section 12.42(a) of the Penal Code, however, punishment for a state jail felony may be enhanced to the punishment range for a second degree felony upon a showing that the state jail felony defendant has two previous final felony convictions, the second of which is for an offense that occurred after the first enhancing conviction became final. *Id.* § 12.42(a)(2).

Prior felony theft convictions, however, may not be used under section 12.42(a) to enhance the punishment for a state jail felony theft. *See Rawlings v. State*, 602 S.W.2d 268, 270 (Tex.Crim.App.1980). In *Rawlings*, the Court of Criminal Appeals held that section 31.03(d)(4)(C), the predecessor to section 31.03(e)(4)(D), was a special enhancement statute which controlled over the general enhancement provisions of section 12.42. *Id.* Therefore, while prior felony theft convictions may be used under section 31.03 to enhance a misdemeanor theft conviction to be punished as state jail felony third-offender theft, they may not be used under section 12.42 to enhance the punishment for misdemeanor theft beyond state jail felony third-offender theft. *See id.* If either UUMV or robbery constituted a theft offense, then the State would not have met the requirements of section

12.42(a)(2), and a new trial on appellant's punishment would be appropriate.

### The Conviction for Robbery

■ Appellant contends that the conviction for robbery cannot be used to enhance the third-offender theft to the range of punishment for a second degree felony because proof of a theft is part of the necessary proof to establish robbery.[1] The Court of Criminal Appeals distinguished robbery from theft shortly after the enactment of the Texas Penal Code in 1973. *See Watson v. State,* 532 S.W.2d 619, 621–22 (Tex.Crim.App.1976); *see also Coleman v. State,* 947 S.W.2d 586, 587 (Tex.App.-Texarkana 1997, no pet.). The court noted that, as well as locating the two offenses in different chapters, the legislature omitted robbery from the list of former offenses expressly consolidated into the single offense of theft. *See Watson,* 532 S.W.2d at 622; *see also* TEX. PEN.CODE ANN. § 31.02 (Vernon 2003).

In addition, the court noted, robbery does not require the actual commission of theft, since taking is not an essential element of the case. *See Watson,* 532 S.W.2d at 622. The Penal Code states that a person commits robbery "if, *in the course of committing theft* as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

TEX. PEN.CODE ANN. § 29.02(a) (emphasis added). "In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." TEX. PEN. CODE ANN. § 29.01 (Vernon 2003). Thus, the offense of robbery includes conduct beyond theft, *e.g.,* causing bodily injury, and may include conduct short of a completed theft, *e.g.,* an attempted theft. *See id.* Robbery requires assaultive conduct in the course of committing a theft; it does not necessarily require that a theft be committed, but only that there be an attempt to commit theft. *See Reese v. State,* 531 S.W.2d 638, 640 (Tex.Crim.App.1976) (quoting *Gonzales v. State,* 517 S.W.2d 785, 788 (Tex.Crim.App.1975)) (stating that actual commission of theft "is not a prerequisite to the commission of a robbery. . . ."). Because a conviction for robbery is different in character than a conviction for theft, we conclude that appellant's robbery conviction was properly used pursuant to section 12.42(a)(2) as enhancement of the range of punishment for third-offender theft.

### The Conviction for UUMV

■ Appellant also contends that the conviction for UUMV may not be used to enhance the punishment range for third-offender theft because it is contained within the chapter of the Penal Code entitled "Theft."[2] Like robbery, UUMV is not contained within the list of offenses expressly consolidated under "theft." *See*

1. The offense of robbery is found in section 29.02 of the Texas Penal Code. TEX. PEN.CODE ANN. § 29.02 (Vernon 2003). Section 29.02 is in Chapter 29, which is entitled "Robbery." *Id.* Robbery is a separate chapter from "Theft," which is found in Chapter 31 of the Penal Code. *See id.* § 31.03. Robbery is therefore not theft under the Penal Code.

2. Section 31.07 of the Penal Code, entitled "Unauthorized Use of a Motor Vehicle,"

states, "A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PEN.CODE ANN. § 31.07 (Vernon 2003). In contrast, Section 31.03 of the Penal Code, entitled "Theft," states, "A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property." *Id.* § 31.03(a) (Vernon Supp.2006).

*Alexander v. State,* 823 S.W.2d 754, 758 (Tex.App.-Austin 1992, no pet.); *see also* Tex. Pen.Code Ann. § 31.02. Also like robbery, the requisite mental state for theft is absent from the UUMV provision. *See Alexander,* 823 S.W.2d at 758. For the crime of UUMV, the use of the property must be without the owner's consent, but the evidence need not show that the actor had any intent to deprive the owner of the property. *See id.* Therefore, like robbery, a conviction for UUMV is of a different character than a conviction for theft and may be used pursuant to section 12.42(a)(2) to enhance of the range of punishment for third-offender theft. *Id.* at 758–59.

We hold that appellant's range of punishment for third-offender theft was properly enhanced by convictions for UUMV and robbery. We overrule appellant's first point of error.

### Trial Court's Charge to the Jury

In his second point of error, appellant contends that the trial court erred when it denied appellant's request for a jury instruction on the lesser-included offense of misdemeanor theft because the evidence that showed the date of conviction on one of the prior theft allegations did not match the date shown on the indictment.

Misdemeanor theft is a lesser-included offense of state jail felony theft because proof of the lesser-included offense of misdemeanor theft is included within the proof necessary to establish the state jail felony offense. *Phillips v. State,* 178 S.W.3d 78, 81(Tex. App.-Houston [1st Dist.] 2005, pet. ref'd); *see also* Tex.Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006); *Moore,* 969 S.W.2d at 8. Although misdemeanor theft is a lesser-included offense of state jail felony theft, an instruction to the jury regarding the lesser-included offense is not warranted when there is no evidence in the record that would permit the jury to rationally find that the appellant, if guilty, is guilty only of the lesser-included offense. *Phillips,* 178 S.W.3d at 81–82.

"It is well established that ... only final convictions ... [can] be used for enhancement purposes." *Ex parte Murchison,* 560 S.W.2d 654, 656 (Tex.Crim. App.1978). "Moreover, it is equally well established that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted." *Id.* at 656. "However, a conviction is final for enhancement purposes where the imposition of sentence has been suspended, probation granted, but a revocation of the probation is alleged and proved by the State." *Id.* Furthermore, evidence of revocation of probation must be introduced to the trial court in order to establish proof of a final conviction for enhancement purposes. *Id.*

The undisputed evidence in the record shows that appellant's probation was revoked by the trial court on July 13, 1984, when appellant was sentenced to a term of three years in prison. Thus, July 13, 1984, was the date that appellant's conviction became final. *See id.,* 560 S.W.2d at 656. July 13, 1984, is the date alleged in the indictment as the date of a prior conviction for theft in the 174th District Court. The record, therefore, does not suggest any evidence that would permit a rational jury to find appellant guilty of *only* the lesser-included offense of misdemeanor theft. We hold that the trial court did not err by refusing appellant's request that the jury charge include instructions for the lesser-included offense of misdemeanor theft.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.