Opinion issued December 7, 2006

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00510-CR






GERALD DONALD FRANKLIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 999787






O P I N I O N 

 Appellant, Gerald Donald Franklin, appeals from the trial court's judgment
convicting him for third-offender theft, a state jail felony, which was enhanced to a
second degree felony by prior felony convictions for unauthorized use of a motor
vehicle (UUMV) and robbery. See Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon
Supp. 2006). The trial court sentenced appellant to ten years in prison. In his first
point of error, appellant asserts that the trial court erred in the punishment phase of
trial by sentencing him to a term of imprisonment within the punishment range for a
second degree felony because his convictions for UUMV and robbery are theft
convictions that cannot be used to enhance the punishment range for third-offender
theft. In his second point of error, appellant challenges the trial court's refusal to
instruct the jury on the lesser-included offense of misdemeanor theft during the
guilt/innocence phase of trial, asserting that the State failed to prove that appellant
was convicted for theft on the date listed on the indictment in one of the enhancement
paragraphs. We conclude that UUMV and robbery are not theft convictions because
they do not consist of the same elements that define theft under section 31.03 of the
Penal Code. See Tex. Pen. Code Ann. § 29.02(a) (Vernon 2003) (robbery);
§ 31.03(a) (Vernon Supp. 2006) (theft); § 31.07(a) (Vernon 2003) (UUMV).
Therefore, UUMV and robbery may properly be used to enhance the state jail felony
of third-offender theft to the range of punishment for a second degree felony. See
Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2006). We also conclude that
appellant was not entitled to a jury instruction for the lesser-included offense of
misdemeanor theft because the undisputed evidence shows that appellant was
convicted of the theft alleged in the enhancement paragraph on the same date alleged
in the indictment. We affirm.

Background

 On September 4, 2004, appellant entered a retail store, removed two cellular
telephones that were valued at $199 from a display case, and left the store without
paying for them. Appellant was arrested and charged with theft. 

 The theft charge was elevated from a misdemeanor to a state jail felony third-offender theft by the inclusion of two enhancement paragraphs that alleged that
appellant was previously convicted of theft in County Court at Law No. 11, in cause
number 1252627 on August 13, 2004, and in the 174th District Court in cause number
386298 on July 13, 1984. The third-offender theft offense was elevated to the
punishment range for a second degree felony by inclusion of two punishment
enhancement paragraphs that asserted that appellant had been previously convicted
of UUMV and robbery. Appellant pleaded not guilty to the jury. At trial, the undisputed evidence
concerning the proof of one of the prior theft convictions used to enhance the third-offender theft established that appellant had been placed on probation for theft in the
174th District Court on August 12, 1983, and that the probation was revoked by the
trial court on July 13, 1984, when appellant was sentenced to three years in prison. 
At the close of evidence, appellant requested a jury instruction on the lesser-included
offense of misdemeanor theft, on the grounds that the State had failed to prove that
appellant's prior theft conviction occurred on July 13, 1984, as alleged in the
indictment. The trial court refused the jury instruction on the lesser-included offense
of misdemeanor theft, charging the jury only with the offense of felony third-offender
theft.

 The jury found appellant guilty of third-offender theft. Appellant pleaded true
to both punishment enhancement paragraphs that alleged the prior convictions for
UUMV and robbery. The trial court found true both paragraphs and sentenced
appellant to ten years in prison, which was within the range of punishment for a
second degree felony.Second Degree Range of Punishment

 In his first point of error, appellant contends that the offenses used to enhance
his punishment, UUMV and robbery, are theft offenses that cannot be used to
enhance a conviction for state jail felony third-offender theft to the range of
punishment for a second degree felony. Appellant contends that he should have been
sentenced under the range of punishment for a state jail felony.

 A theft offense is a state jail felony if the value of the property stolen is less
than $1,500 and the defendant has been previously convicted two or more times of
any grade of theft. Tex. Pen. Code Ann. § 31.03(e)(4)(D). A state jail felony is
punishable by confinement of no less than 180 days and no more than two years. 
Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003). Under section 12.42(a) of the Penal
Code, however, punishment for a state jail felony may be enhanced to the punishment
range for a second degree felony upon a showing that the state jail felony defendant
has two previous final felony convictions, the second of which is for an offense that
occurred after the first enhancing conviction became final. Id. § 12.42(a)(2). 

 Prior felony theft convictions, however, may not be used under section 12.42(a)
to enhance the punishment for a state jail felony theft. See Rawlings v. State, 602
S.W.2d 268, 270 (Tex. Crim. App. 1980). In Rawlings, the Court of Criminal
Appeals held that section 31.03(d)(4)(C), the predecessor to section 31.03(e)(4)(D),
was a special enhancement statute which controlled over the general enhancement
provisions of section 12.42. Id. Therefore, while prior felony theft convictions may
be used under section 31.03 to enhance a misdemeanor theft conviction to be
punished as state jail felony third-offender theft, they may not be used under section
12.42 to enhance the punishment for misdemeanor theft beyond state jail felony third-offender theft. See id. If either UUMV or robbery constituted a theft offense, then
the State would not have met the requirements of section 12.42(a)(2), and a new trial
on appellant's punishment would be appropriate.

The Conviction for Robbery

 Appellant contends that the conviction for robbery cannot be used to enhance
the third-offender theft to the range of punishment for a second degree felony because
proof of a theft is part of the necessary proof to establish robbery. (1) The Court of
Criminal Appeals distinguished robbery from theft shortly after the enactment of the
Texas Penal Code in 1973. See Watson v. State, 532 S.W.2d 619, 621-22 (Tex. Crim.
App. 1976); see also Coleman v. State, 947 S.W.2d 586, 587 (Tex. App.--Texarkana
1997, no pet.). The court noted that, as well as locating the two offenses in different
chapters, the legislature omitted robbery from the list of former offenses expressly
consolidated into the single offense of theft. See Watson, 532 S.W.2d at 622; see also
Tex. Pen. Code Ann. § 31.02 (Vernon 2003).

 In addition, the court noted, robbery does not require the actual commission
of theft, since taking is not an essential element of the case. See Watson, 532 S.W.2d
at 622. The Penal Code states that a person commits robbery "if, in the course of
committing theft as defined in Chapter 31 and with intent to obtain or maintain
control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily
injury to another; or (2) intentionally or knowingly threatens or places another in fear
of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02(a) (emphasis
added). "In the course of committing theft" is defined as "conduct that occurs in an
attempt to commit, during the commission, or in immediate flight after the attempt or
commission of theft." Tex. Pen. Code Ann. § 29.01 (Vernon 2003). Thus, the
offense of robbery includes conduct beyond theft, e.g., causing bodily injury, and may
include conduct short of a completed theft, e.g., an attempted theft. See id. Robbery
requires assaultive conduct in the course of committing a theft; it does not necessarily
require that a theft be committed, but only that there be an attempt to commit theft. 
See Reese v. State, 531 S.W.2d 638, 640 (Tex. Crim. App. 1976) (quoting Gonzalez
v. State, 517 S.W.2d 785, 788 (Tex. Crim. App. 1975) (stating that actual commission
of theft "is not a prerequisite to the commission of a robbery. . . ."). Because a
conviction for robbery is different in character than a conviction for theft, we
conclude that appellant's robbery conviction was properly used pursuant to section
12.42(a)(2) as enhancement of the range of punishment for third-offender theft. 

The Conviction for UUMV

 Appellant also contends that the conviction for UUMV may not be used to
enhance the punishment range for third-offender theft because it is contained within
the chapter of the Penal Code entitled "Theft." (2) Like robbery, UUMV is not
contained within the list of offenses expressly consolidated under "theft." See
Alexander v. State, 823 S.W.2d 754, 758 (Tex. App.--Austin 1992, no pet.); see also
Tex. Pen. Code Ann. § 31.02. Also like robbery, the requisite mental state for theft
is absent from the UUMV provision. See Alexander, 823 S.W.2d at 758. For the
crime of UUMV, the use of the property must be without the owner's consent, but the
evidence need not show that the actor had any intent to deprive the owner of the
property. See id. Therefore, like robbery, a conviction for UUMV is of a different
character than a conviction for theft and may be used pursuant to section 12.42(a)(2)
to enhance of the range of punishment for third-offender theft. Id. at 758-59. We hold that appellant's range of punishment for third-offender theft was
properly enhanced by convictions for UUMV and robbery. We overrule appellant's
first point of error.

Trial Court's Charge to the Jury

 In his second point of error, appellant contends that the trial court erred when
it denied appellant's request for a jury instruction on the lesser-included offense of
misdemeanor theft because the evidence that showed the date of conviction on one
of the prior theft allegations did not match the date shown on the indictment.

 Misdemeanor theft is a lesser-included offense of state jail felony theft because 
proof of the lesser-included offense of misdemeanor theft is included within the proof
necessary to establish the state jail felony offense. Phillips v. State, 178 S.W.3d 78,
81(Tex. App.--Houston [1st Dist.] 2005, pet. ref'd); see also Tex. Code Crim. Proc.
Ann. art. 37.09(1) (Vernon 2006); Moore, 969 S.W.2d at 8. Although misdemeanor
theft is a lesser-included offense of state jail felony theft, an instruction to the jury
regarding the lesser-included offense is not warranted when there is no evidence in
the record that would permit the jury to rationally find that the appellant, if guilty, is
guilty only of the lesser-included offense. Phillips, 178 S.W.3d at 81-82.

 "It is well established that . . . only final convictions . . . [can] be used for
enhancement purposes." Ex parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App.
1978). "Moreover, it is equally well established that a conviction is not final for
enhancement purposes where the imposition of sentence has been suspended and
probation granted." Id. at 656. "However, a conviction is final for enhancement
purposes where the imposition of sentence has been suspended, probation granted,
but a revocation of the probation is alleged and proved by the State." Id. 
Furthermore, evidence of revocation of probation must be introduced to the trial court
in order to establish proof of a final conviction for enhancement purposes. Id. 

 The undisputed evidence in the record shows that appellant's probation was
revoked by the trial court on July 13, 1984, when appellant was sentenced to a term
of three years in prison. Thus, July 13, 1984, was the date that appellant's conviction
became final. See id., 560 S.W.2d at 656. July 13, 1984, is the date alleged in the
indictment as the date of a prior conviction for theft in the 174th District Court. The
record, therefore, does not suggest any evidence that would permit a rational jury to
find appellant guilty of only the lesser-included offense of misdemeanor theft. We
hold that the trial court did not err by refusing appellant's request that the jury charge
include instructions for the lesser-included offense of misdemeanor theft. We overrule appellant's second point of error.

Conclusion


We affirm the judgment of the trial court.

 



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack, Justice Alcala and Justice Bland.


Publish. Tex. R. App. P. 47.2(b).
1. The offense of robbery is found in section 29.02 of the Texas Penal Code. 
Tex. Pen. Code Ann. § 29.02 (Vernon 2003). Section 29.02 is in Chapter 29,
which is entitled "Robbery." Id. Robbery is a separate chapter from "Theft,"
which is found in Chapter 31 of the Penal Code. See id. § 31.03. Robbery is
therefore not theft under the Penal Code. 
2. Section 31.07 of the Penal Code, entitled "Unauthorized Use of a Motor Vehicle,"
states, "A person commits an offense if he intentionally or knowingly operates
another's boat, airplane, or motor-propelled vehicle without the effective consent of
the owner." Tex. Pen. Code Ann. § 31.07 (Vernon 2003). In contrast, Section 31.03
of the Penal Code, entitled "Theft," states, "A person commits an offense if he
unlawfully appropriates property with intent to deprive the owner of the property." 
Id. § 31.03(a) (Vernon Supp. 2006).