**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00531-CR

_____

**RICKIE RENARLD GOODIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 64138**

---

## MEMORANDUM OPINION

A jury convicted appellant Rickie Renarld Goodie of the state-jail felony offense of theft of property worth less than $1,500 with two prior convictions for theft. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West 2011). The trial court sentenced him to eight years in prison. Goodie challenges the sufficiency of

the evidence to support his conviction and contends that the trial court should have instructed the jury on the lesser-included offense of misdemeanor theft. We affirm.

## Background

Pearland Home Depot loss prevention officer Mark Guel was standing just inside his store's contractors' entrance when he observed Goodie come into the store with a five-gallon bucket of paint in his shopping cart. The paint caught Guel's attention because the store had been having problems with people shoplifting paint and later returning it for store credit. Goodie stopped at a cash register. Cashier Adelita Molina placed security tape on the paint and on a tape measure attached to Goodie's belt so other employees would know that he brought those items into the store. Molina did not place security tape on anything else, and neither Guel nor Molina saw Goodie bring any other items into the store. Goodie's interaction with Molina was also captured by the store surveillance video.

Guel followed at a distance as Goodie went to the tool department to shop. From an adjacent aisle, Guel saw Goodie select a drill, remove the drill case's cardboard sleeve, take the security tape from his tape measure, stick the tape to the drill case, and put the drill in his shopping cart. A security camera captured video of Goodie, from the waist down, removing the drill and attaching the tape.

2

Goodie then took his shopping cart to the returns register. He left the cart and went back into the aisles, where he selected some wood. Goodie found his mother, who had also been in the store, and he brought her to the returns register to pay for the wood. Goodie told the cashier that he had decided not to return the drill; then he and his mother paid for the wood and left the store. Guel followed them to the parking lot and asked Goodie to come to his office. In his office, Guel confronted Goodie about the theft. Goodie claimed that he had come into the store with the drill in his cart. When he was unable to verify this story, police arrested Goodie.

The indictment contained two enhancement paragraphs that elevated the theft charge from a misdemeanor to a state-jail felony, third offense theft. The enhancement paragraphs alleged that Goodie was previously convicted of theft in cause number 9834910 on August 31, 1998 and in cause number 828781 on November 13, 1999. Goodie pleaded not guilty.

At trial, the State called Marcey Farley, fingerprint examiner for the Brazoria County Sherriff's Department. She took fingerprints of Goodie on the day she testified and attempted to match those known prints with prints contained in various records of Goodie's prior theft convictions. Farley testified that she could not match the known prints with the prints contained in State's Exhibit 12, a certified copy of the judgment in cause number 9834910. Farley also

3

acknowledged that Exhibit 12 named the defendant as Gerald Wade Williams not Rickie Renarld Goodie. Farley also could not match the known prints to the prints in State's Exhibit 13, a certified copy of the judgment in cause number 798058. However, Farley matched the known prints with the prints contained in State's Exhibit 11, a pen packet containing a copy of the judgment in cause number 828781. In that cause of action, another third-offense theft conviction, Goodie pleaded true to 798058 and 9834910 as jurisdictional priors.

A jury found Goodie guilty of theft of property worth less than $1,500 with two or more previous convictions, and the trial court sentenced him to eight years in prison after the State introduced another prior conviction to enhance punishment. Goodie appeals from this conviction.

## Analysis

Goodie raises two separate arguments challenging the sufficiency of the evidence to support the judgment. First, he contends that State failed to prove beyond a reasonable doubt that he stole the drill. Second, he contends that even if the State adequately proved theft of the drill, it failed to prove the prior convictions necessary for a state-jail felony theft conviction. He also complains that the trial court failed to give a requested instruction on the lesser-included offense of misdemeanor theft.

4

## I.    Sufficiency of the evidence

### A.    Theft

As part of his first issue, Goodie argues that the State presented legally insufficient evidence to prove that he was the man who stole the drill.  He asserts that his testimony and that of his mother outweigh the testimony of eyewitness Guel.

The State argues that it presented legally sufficient evidence to allow the jury to conclude that Goodie stole a drill from Home Depot.  The State contends that both Guel's testimony and the surveillance video, standing alone, were sufficient evidence from which the jury could conclude that Goodie committed theft.

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson  v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  The standard is the same for direct and circumstantial evidence cases.  *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of

the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). Appropriation of property is unlawful if "it is without the owner's effective consent." *Id.* § 31.03(b)(1). Considering the evidence presented at trial, we must determine whether any rational trier of fact could have found, beyond a reasonable doubt, that Goodie unlawfully appropriated a drill with intent to deprive Home Depot. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

The testimony of a single eyewitness may constitute legally sufficient evidence to support a conviction. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)). At trial, Guel provided eyewitness testimony that Goodie entered the store without a drill in his cart and went to the tool area where he selected a drill and placed security tape on it. In addition, cashier Molina also testified that Goodie did not have a drill when he entered the store. Although the video does not explicitly show Goodie placing security tape on the drill, it does clearly show him entering the store without a drill and later appearing on video with a drill in his cart. Furthermore, Goodie told a cashier that he had decided not to return the drill and left the store without paying for the drill.

Goodie's argument ultimately boils down to a plea for us to reweigh the credibility of the witnesses and testimony presented at trial. However, the jury is the exclusive judge of the believability of witnesses and the weight to be given their testimony. *See Dewberry*, 4 S.W.3d at 740. We conclude that Guel's testimony, which was corroborated by Molina and portions of the video, provided sufficient evidence for the jury rationally to conclude beyond a reasonable doubt that Goodie took the drill without Home Depot's effective consent and left the store with the intention of depriving Home Depot of the drill. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1); *Davis*, 177 S.W.3d at 359; *see also Lindgren v. State*, No. 01–12–00083–CR, 2013 WL 978257, at *3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2013, no pet.) (mem. op., not designated for publication) (upholding theft conviction in the absence of video evidence when loss prevention officer of HEB store provided eyewitness testimony).

## B.    Prior theft convictions

Goodie next contends that the State did not adequately prove the prior theft convictions set out in the indictment (cause numbers 9834910 and 828781). Specifically, he argues that the State did not present sufficient evidence to prove that he had been convicted in cause number 9834910.

The State has the burden of proof to establish that the defendant is the same person convicted of theft in the two prior judgments as alleged in the indictment.

7

*Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). Some methods of proving prior convictions approved by Texas courts include: (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) stipulation or judicial admission of the defendant that he has been so convicted; (3) introduction of certified copies of the judgment, sentence, and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; or (4) comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. *Daniel v. State*, 585 S.W.2d 688, 690–91 (Tex. Crim. App. 1979), *overruled on other grounds by Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984); *accord Smith v. State*, 998 S.W.2d 683, 687 (Tex. App.—Corpus Christi 1999, pet. ref'd); *Fontenot v. State*, 704 S.W.2d 126, 127 (Tex. App.—Houston [1st Dist.] 1986, no pet.). While these methods are preferred, they are not exclusive. *Littles*, 726 S.W.2d at 32.

The State may prove a prior conviction by documentary proof that contains "sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). "Regardless of the type of evidentiary puzzle

8

pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these puzzle pieces fit together sufficiently to complete the puzzle." *Id.* at 923. The fact that the name of the defendant on judgments of prior convictions is different from the name of the defendant on trial is irrelevant if other evidence establishes the person on trial is the same person previously convicted. *Rios*, 557 S.W.2d at 92; *see also Garza v. State*, 548 S.W.2d 55, 56 (Tex. Crim. App. 1977).

Although State's Exhibit 12 shows that a person named Gerald Wade Williams pleaded guilty to and was convicted of theft in cause number 9834910, the State presented other evidence from which the jury could conclude that Goodie was actually the person convicted in cause number 9834910. For example, State's Exhibit 13—copies of the complaint and judgment in cause number 798058 (a previous conviction for third-offense theft)—showed that Rickie Renarld Goodie had his name changed from Gerald Wade Williams. The complaint contained in State's Exhibit 13 named Gerald Wade Williams as the defendant. However, the ultimate judgment in that cause named the defendant as Rickie Renarld Goodie. Furthermore, the State used cause number 9834910 as one of the prior thefts used to elevate the theft conviction in Exhibit 13 to a state-jail felony. The judgment shows that Goodie pleaded true to the allegation that he had previously been convicted of theft in cause number 9834910.

Moreover, the State introduced Exhibit 11, a pen packet containing photographs of Goodie as well as his fingerprints and a copy of the judgment in cause number 828781. The indictment and judgment named the defendant as Rickie Renarld Goodie. Once again, the State alleged the conviction in cause number 9834910 as a jurisdictional prior conviction to make the theft a state-jail felony. Goodie again pleaded true to the alleged conviction in 9834910 as part of his guilty plea in 828781. In addition, Marcey Farley, fingerprint examiner for the Brazoria County Sherriff's Department successfully matched the prints contained in Exhibit 11 with the known prints she took from Goodie on the day she testified.

In sum, the jury had before it evidence that Gerald Wade Williams was a name formerly used by Goodie, evidence that he twice pleaded true to allegations that he had been convicted of theft in cause number 9834910, and testimony that the fingerprints contained in Exhibit 11 matched Goodie's known prints. Although the State did not link Goodie to the 1998 theft directly by one of the conventional methods, we conclude that the State presented the jury with evidence from which it could rationally conclude beyond a reasonable doubt that Goodie was the person convicted of theft in cause number 9834910. *See Flowers*, 220 S.W.3d at 923. We overrule Goodie's first issue.

## II. Lesser-included offense

10

Goodie next argues that the trial court erred when it refused to give the jury the option of finding him guilty of the lesser-included offense of misdemeanor theft, if it did not find that he had been previously convicted of two theft offenses.

An instruction on a lesser-included offense is required only if (1) the lesser-included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). An instruction on a lesser-included offense is not required solely because "the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We consider all evidence presented at trial in determining whether an instruction on a lesser-included offense would have been warranted. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011).

Misdemeanor theft is a lesser-included offense of state-jail felony theft because proof of the lesser-included offense of misdemeanor theft is included within the proof necessary to establish the state-jail felony offense. *Franklin v. State*, 219 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Thus, we focus our analysis on the second prong of the test for lesser-included offenses.

In *Guess v. State*, No. 12–08–00448–CR, 2010 WL 681345 (Tex. App.— Tyler Feb. 26, 2010, pet. ref'd) (mem. op.), the appellant argued that the State failed to adequately prove a prior conviction for driving while intoxicated. 2010 WL 681345, at *4. The indictment alleged that Guess had been convicted of driving while intoxicated in Tarrant County. *Id.* at *1. The State introduced a copy of the Tarrant County conviction and records from a Gregg County criminal case. *Id.* at *5. Guess's name was the only identifying information on the copy of the Tarrant County conviction. *Id.* However, the records from Gregg County revealed that Guess pleaded true to the Tarrant County conviction as an enhancement in the Gregg County indictment. *Id.* The court concluded that Guess's plea of true sufficiently linked him to the Tarrant County conviction. *Id.* Therefore, it held that Guess was not entitled to an instruction on a lesser-included offense of misdemeanor driving while intoxicated because Guess admitted to the Tarrant County conviction by pleading true and the record contained no affirmative evidence that would have allowed the jury to conclude otherwise. *Id.*

Similarly here, Goodie argues that an instruction on misdemeanor theft would have been proper because the State failed to prove he had been convicted in cause number 9834910. However, the record contains no affirmative evidence that Goodie was not the person convicted in cause number 9834910. Although State's Exhibit 12 named the defendant as Gerald Wade Williams, the jury had before it

12

evidence that Goodie had twice pleaded true to the allegation that he committed the 1998 theft identified in State's Exhibit 12. Because appellant twice admitted that he was convicted of the 1998 theft, and Goodie did not present any evidence suggesting otherwise, the record did not contain evidence that would have allowed the jury to conclude that Goodie was guilty only of misdemeanor theft. *See Guess*, 2010 WL 681345, at *5; *Carter v. State*, No. 14–08–00662–CR, 2009 WL 2998534, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2009, no pet.) (mem. op., not designated for publication) (holding that an instruction on a lesser-included offense was not necessary because appellant provided no evidence or authority to show that proof of his prior convictions was insufficient). We overrule Goodie's second issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

13