# NO. 12-08-00448-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGER DALE GUESS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roger Dale Guess appeals his conviction for driving while intoxicated, a felony. In three issues, Appellant argues that the evidence was insufficient to prove that he operated a vehicle or that he was intoxicated when he did so, that the trial court erred by instructing the jury on the issue of Appellant's refusal to take a breath test, and that the trial court erred by not instructing the jury on the lesser included offense of misdemeanor driving while intoxicated. We affirm.

## BACKGROUND

While on routine patrol on US Highway 20 early one morning, a Texas Department of Public Safety trooper came upon a blue van on the grassy portion of the shoulder of an off ramp. When the trooper approached the van, he found Appellant in the driver's seat. Appellant told the trooper that he had driven "off the road and [gotten] stuck." The trooper noticed an odor he associated with an alcoholic beverage emanating from Appellant.

As he walked around the vehicle, he noticed that, as Appellant reported, the vehicle appeared to be stuck in a dirt embankment. There were markings in the dirt and mud that caused him to conclude that someone had been attempting, unsuccessfully to that point, to extricate the van from the embankment by spinning the tires. He also

noticed that the marks in the mud or dirt appeared to be fresh and that the hood of the van was warm.

The trooper asked Appellant to step from the van and to perform several field sobriety tests. Appellant did not pass the tests, and the trooper arrested Appellant. Appellant asked the trooper to give him a break and told him that he was working on getting his driver's license back. He said he was not driving. He said that his "helper" had been driving, but admitted that he had tried to get the vehicle out of the ditch. When the trooper tried to read Appellant the implied consent warning, Appellant became agitated and said he would not sign anything. When the trooper read the portion of the warning that pertains to breath specimens, Appellant said, "No, Sir" and that "[n]othing would be happening." Later, while the trooper was completing his paperwork, Appellant said, "I did try to get it out of the ditch, I ain't going to deny that."

A Smith County grand jury indicted Appellant for the felony offense of driving while intoxicated. The indictment alleged that Appellant had two prior driving while intoxicated convictions and two prior felony convictions.[1] Appellant pleaded not guilty at the trial. The jury found him guilty, found the enhancements to be true, and assessed punishment at imprisonment for ninety-nine years. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant argues that the evidence is insufficient to prove that he operated a motor vehicle while he was intoxicated.

### Standard of Review

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

---

[1] The felony convictions were also for driving while intoxicated. The indictment alleged that Appellant had four different convictions for driving while intoxicated.

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires further review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). Factual sufficiency review differs from legal sufficiency review only slightly. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). In a factual sufficiency review, we review the evidence without the light most favorable to the verdict and we are authorized, "albeit to a very limited degree," to disagree with the fact finder's resolution of contested factual issues. *See id.*; *Watson v. State*, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006). In a review of the factual sufficiency of the evidence, we will conclude that the evidence is insufficient only if the great weight and preponderance of the evidence contradicts the jury's verdict or the verdict is clearly wrong and manifestly unjust. *See Rollerson*, 227 S.W.3d at 724; *Watson*, 204 S.W.3d at 417.

Under either standard, our role is that of appellate review, and the fact finder is the principal judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

As relevant to Appellant's argument, the State was required to show that Appellant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003).

**Analysis**

Appellant argues that there was insufficient evidence to show that he operated a motor vehicle or that he did so while intoxicated. As he points out, the trooper who arrested him did not see him operate the vehicle, and the trooper could not find the key used to start the vehicle. Appellant told the trooper that another person had been driving the vehicle, although he did not say where the key could be located.[2]

If that were all the evidence, a reasonable hypothesis would be that the other driver drove the van into the embankment and left Appellant stranded in a vehicle that he could not operate. There was more evidence, however. First, the trooper observed evidence that the van had been operated recently–fresh mud thrown up by the tires and a

---

[2] Appellant's son testified that Appellant told him "there were no keys" and that he had to have a key made to recover the van.

hood that was warm to the touch–and Appellant said that he had attempted to drive the van out of the embankment. Therefore, he had possessed the key to operate the van at some point after the vehicle became stuck in the embankment. The jury was entitled to credit Appellant's repeated statements, captured on video, that he was the one who had attempted to drive the van out of the ditch. The jury was also entitled to believe Appellant's initial statement to the trooper that he was the one who drove off the road. Appellant does not argue that the embankment in which he was stuck was not a public place or that trying to drive the van out of the ditch was not an operation of the motor vehicle.

A closer question is presented with respect to whether there was sufficient evidence that Appellant was intoxicated when he operated the van. The jury was able to observe a video of Appellant attempting to perform the field sobriety tests and to hear him, at some length, discuss the matter of his arrest with the trooper. Given Appellant's performance on the video, this evidence, along with the trooper's testimony, would allow the conclusion that Appellant was intoxicated. However, as Appellant points out, there must be evidence that shows that he was intoxicated while he was operating the vehicle. *See*, *e.g.*, ***Stoutner v. State***, 36 S.W.3d 716, 721 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd).

Evidence that supports the jury's conclusion that Appellant was intoxicated when he operated the vehicle includes the fact that he was intoxicated when the trooper arrived. Furthermore, he told the trooper that he had been on the side of the road for about an hour. Additionally, there were no opened containers of alcohol in the vehicle, and so he did not drink alcohol after becoming stuck in the embankment. Finally, the hood of the vehicle was warm and the appearance of the thrown or disturbed mud convinced the trooper that efforts to extricate the vehicle from the embankment had been recent. Last, Appellant apparently disposed of the key to the van in an effort to avoid responsibility for operating the vehicle.

After considering all of the evidence, we hold that a rational jury could conclude that Appellant operated a motor vehicle that morning and that he was intoxicated when he did so. Accordingly, the evidence is legally sufficient to support the verdict.

We reach the same conclusion with respect to the factual sufficiency of the evidence. There was evidence that supports Appellant's assertion that he was not operating the van. For example, his son testified that there was an individual named Josh

who worked as his father's helper. This was the name Appellant gave to the trooper to identify the person who had driven the van into the embankment. Additionally, the trooper did not see Appellant operate the vehicle, and the key to operate the vehicle was not present when the trooper arrived. This evidence, and these circumstances, lead to conclusions contrary to the verdict. Nevertheless, in light of Appellant's repeated assertion that he did operate the vehicle, his apparent intoxication, and his statements about how long he had been at the roadside, the jury's verdict is neither against the great weight of the evidence nor does it represent a manifest injustice. Accordingly, we hold that the evidence is factually sufficient to support the verdict.

We overrule Appellant's first issue.

## LESSER INCLUDED OFFENSE

In his second issue, Appellant argues that the trial court erred by overruling his request that the jury be instructed that it could find him guilty of the lesser included offense of driving while intoxicated, a misdemeanor, if it did not find that he had been twice before convicted of driving while intoxicated.

## Applicable Law and Standard of Review

Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case. . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Upon the defendant's request, a trial court must include a lesser included offense instruction in the jury charge if the lesser offense is a lesser included offense and if there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission, (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission, or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser offense. *Hall*, 225 S.W.3d 536. However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser–included offense for the finder of fact to consider before an instruction on a lesser–included offense is warranted." *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We review all evidence presented at trial to make this determination. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If the evidence raises the issue of a lesser included offense, a jury charge must be given irrespective of who introduced the evidence and irrespective of whether it is "strong, weak, unimpeached, or contradicted." *Id*. at 672.

### Analysis

The State agrees that the misdemeanor driving while intoxicated offense is a lesser included offense of a felony driving while intoxicated offense. This is so because felony driving while intoxicated is nothing more than the misdemeanor offense enhanced by proof of two prior driving while intoxicated convictions. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2009). Therefore, we focus our analysis on the second part of the statutory test, whether there is some evidence that Appellant is guilty only of the lesser included offense. *See Guzman*, 188 S.W.3d at 188; *Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).

Appellant argues that the proof of one of his prior convictions, specifically a conviction from Tarrant County, was incomplete and notes that he did not plead true to the allegation that he had that prior conviction. The question presented is whether there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence showing the additional element is so weak that it is subject to more than one reasonable inference. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); *Saunders v. State*, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). As we stated above, it is not enough that a defendant denies the additional element of the offense by pleading not guilty or that there exists a possibility that a jury could simply disbelieve the State's evidence. *See Hampton*, 109 S.W.3d at 441.

There is no affirmative evidence that Appellant was not convicted of the Tarrant County offense. For example, no witness testified that he was not the person convicted. However, the State's proof in this matter was convoluted. Other than his name being the

same as the person charged in the Tarrant County conviction, the records of that conviction do not contain any identifying characteristics to show that it was Appellant who was convicted in Tarrant County. What the State did offer, however, is evidence that Appellant had previously pleaded true to an enhancement paragraph in a Gregg County criminal case in which the indictment alleged the Tarrant County conviction.[3] The State argued at trial that this admission was sufficient to link Appellant to the Tarrant County conviction. On appeal, Appellant advances no argument as to why evidence that Appellant admitted to having this prior conviction is any less compelling than his plea of true to the other prior conviction.

Because of Appellant's admission that he was convicted of driving while intoxicated in Tarrant County, there was not a failure or weakness of the State's proof that would allow the conclusion that Appellant was guilty only of a lesser included offense. Other courts considering whether a lesser included offense instruction should be given when there was not a realistic challenge to the evidence of the prior conviction have answered that question in the negative. *See Carter v. State*, No. 14-08-00662-CR, 2009 Tex. App. LEXIS 6825, at *9–10 (Tex. App.–Houston [14th Dist.] Aug. 11, 2009, pet. filed) (mem. op., not designated for publication); *Sorrells v. State*, No. 03-05-00135-CR, 2007 Tex. App. LEXIS 4877, at *12–13 (Tex. App.–Austin June 19, 2007 pet. ref'd) (mem. op., not designated for publication); *McDowell v. State*, No. 02-04-530-CR, 2006 Tex. App. LEXIS 39, at *17–18 (Tex. App.–Fort Worth Jan. 5, 2006, pet. ref'd) (mem. op., not designated for publication). We agree with the reasoning expressed in those decisions, hold that the trial court did not err, and overrule Appellant's second issue.

### JURY INSTRUCTION ON BREATH TEST REFUSAL

In his third issue, Appellant argues that the trial court erred by instructing the jury that it could consider Appellant's refusal to take a breath test.

---

[3] The State also argues that exhibits 4 and 7 show that Appellant had previously pleaded true to enhancement paragraphs alleging the Tarrant County conviction. We disagree. Exhibit 4 shows that Appellant pleaded guilty to misdemeanor driving while intoxicated in 1995. He was indicted for felony driving while intoxicated in that case and two prior convictions, including the Tarrant County conviction, were alleged. According to the judgment he pleaded true to the enhancements. But as he was convicted only of a misdemeanor offense, proof of both prior convictions was not necessary for the conviction. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(a). He may have judicially confessed that both convictions were his, but that is not clear from the record. Similarly, exhibit 7 consists of a penitentiary packet for cause number 23,854-A and contains a judgment revoking Appellant's probation in that case. Exhibit 9 is the indictment for that case, and it alleged the Tarrant County conviction. There is no evidence in the record, however, that Appellant admitted that the Tarrant County conviction was his as part of the proceedings in cause number 23,854-A.

## Improper Comment

Appellant argues that the instruction given in this case was an improper comment on the evidence and that it decided a contested factual issue. The instruction given in this case is as follows: "You are instructed that you may consider the Defendant's refusal to submit to a breath test as evidence in this case." With respect to the first part of Appellant's argument, the court of criminal appeals, in a decision issued after the trial in this case, held that an instruction on the refusal to take a breath or blood test was an impermissible comment on the evidence. *See Bartlett v. State*, 270 S.W.3d 147, 154 (Tex. Crim. App. 2008).[4] However, Appellant did not object to the instruction because it impermissibly highlighted the issue of the refusal. Instead, he objected to the instruction only on the basis of his argument that he had not refused to give a breath specimen[5] because the trooper simply accepted his statement that he was not going to take a test rather than formally ask him if he wished to comply with the law and take the test.[6] *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp. 2009) (officer must give warnings before requesting breath or blood test). Accordingly, the portion of the present complaint that pertains to whether the instruction improperly highlighted the issue of a refusal to take a breath or blood test is not preserved for our review. *See* TEX. R. APP. P. 33.1. We review an unpreserved complaint about a jury charge for egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (Where there is no objection to a jury charge, reversal is required only when error is so egregious and created such harm that the appellant "has not had a fair and impartial trial.").

---

[4] The State concedes that the instruction is error in light of *Bartlett*. The State argues, without citation to authority, that the trial court's decision could be upheld as a permissible judgment within the court's discretion because this was an unsettled area of law prior to the trial in this case. There is nothing in the *Bartlett* decision that suggests that it is to have only prospective application, and the court found error in that case. *Bartlett*, 270 S.W.3d at 154.

[5] The decision in *Bartlett* simply states that the trial court should not instruct the jury as to how to use evidence that a defendant refused a breath or blood test; it did not rule that such evidence was inadmissible or that a jury could not consider it. *See* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999).

[6] The entire objection is as follows: "Judge, I would object to Paragraph Number 5 being inserted, especially after we've had an objection. I understand it was previously overruled, but the – – again, the basis of that objection was that the trooper testified that he did not specifically ask the defendant whether he would give a – – in fact, if I could just read it right quick. Trooper Johnson specifically testified that he did not ask – – request of [Appellant] a specimen of his breath or blood. And because of that testimony, I would object to Paragraph Number 5."

## Resolution of Factual Issue

In the second part of his argument, Appellant makes the argument he made in the trial court, specifically, that the trial court's instruction was error because it decided a contested factual issue. As a general rule, a trial court should not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any argument in its charge calculated to arouse the sympathy or excite the passions of the jury. *Bartlett*, 270 S.W.3d at 150 (citing TEX. CODE CRIM. PROC. ANN. art. 36.14). And a trial court must refrain from making any remark calculated to convey to the jury its opinion of the evidence in a particular case. TEX. CODE CRIM. PROC. ANN. art. 38.05. The jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony, unless the law provides that the proof of any particular fact is to be taken as either conclusive or presumptive evidence of the existence of an ultimate fact, or where the law specifically directs that a certain degree of weight is to be attached to a particular item or species of evidence. *Bartlett*, 270 S.W.3d at 150 (citing TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979)).

The court of criminal appeals has recognized three areas in which a trial court may "single out" a particular item of evidence. *Id*. They include when the law attaches a certain degree of weight to a particular kind of evidence–for example, accomplice testimony–or when consideration of evidence is limited for some reason, when a predicate fact is important to the consideration of an ultimate fact, or when admission of evidence is contingent on a factual predicate. *Id*.

The instruction here does not fit into one of those areas. As the court held in *Bartlett*, the legislature did not require that a jury be instructed about the refusal of a breath or blood test and that an instruction on this specific issue was unnecessary and an improper comment on the weight of the evidence. *See Bartlett*, 270 S.W.3d at 150–51. The instruction given in this case is improper both because it unnecessarily shines a light on a singular factual issue, the issue in *Bartlett*, and because it puts a judicial imprimatur on the conclusion that Appellant did refuse the breath test, a conclusion he contests here and contested at the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. § 38.04 (jury is the exclusive judge of the facts proven). Because Appellant objected to the instruction on the basis that it decided a contested factual issue, we must reverse the conviction if the erroneous instruction caused him to suffer "some harm." *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994); *Hess v. State*, 224 S.W.3d 511, 516 (Tex.

App.–Fort Worth 2007, pet. ref'd). Neither party bears the burden of proving that the defendant suffered harm. **Warner v. State**, 245 S.W.3d 458, 464 (Tex. Crim. App. 2008). In assessing whether the instruction caused harm, we consider (1) the charge, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the record. *See* **Hutch v. State**, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

After considering the charge, the evidence, the arguments of counsel and other relevant information, we conclude that Appellant was not harmed. First, Appellant's argument that he did not refuse the requested breath test is one that was unlikely to have persuaded the jury. The jury was able to watch the video of the trooper reading a form to Appellant that includes information about a breath specimen. The video shows Appellant's face as the trooper explains the form to him. The jury could watch as the trooper told Appellant that he was going to give him a copy of the statutory warning. Appellant says, ". . . copy, whatever you want to do, I'm not signing nothing." Moments later, the trooper reads from the form where it says, "You will be asked to give a specimen of your breath." Appellant says, "No sir, nothing will be happening now." After reading all of the warnings, the trooper did not ask Appellant if he would sign the document or if he would give a specimen. Instead, he checked a box stating that Appellant refused to allow the taking of a specimen and further refused to sign the document.

Appellant argues that he did not refuse to give a sample because the trooper did not ask him at the end of the warnings if he wished to give a sample. This is a technical argument based on the statute. It was one he was entitled to make, but we think it unlikely that this argument would be persuasive or that the jury's resolution of this issue would have been different without the trial court's instruction.

There was very little discussion in the parties' summation of Appellant's refusal to provide a specimen, and it was not an overridingly important issue in the trial. Appellant's counsel did not address the issue. And while counsel did not concede that Appellant was intoxicated, the thrust of his argument was that there was insufficient evidence to show that Appellant was operating the vehicle. The State mentioned the refusal briefly, but did not leverage the trial court's apparent conclusion that Appellant had refused the test to its advantage.

**Conclusion**

Whether Appellant refused to take the breath test is germane only to the issue of whether he was intoxicated. *See Bartlett*, 270 S.W.3d at 153 ("Evidence of the appellant's refusal to submit to a breath test is relevant for precisely the reason that the trial court identified in the contested jury instruction, namely, that it tends to show a consciousness of guilt on his part."). There was ample evidence that Appellant was intoxicated and whether he was intoxicated was not the most important contested issue in the trial. Therefore, we conclude that Appellant was not egregiously harmed by the trial court's highlighting of the issue of the refusal. For the same reason, we hold that Appellant was not harmed by the trial court's implicit admonition to the jury that he had refused the test. We overrule Appellant's third issue.

**DISPOSITION**

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)