**Opinion filed May 10, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00155-CR

_____

### CARL ANTHONY WEBB, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20308**

### M E M O R A N D U M   O P I N I O N

The jury convicted Carl Anthony Webb of the offense of felony driving while intoxicated. Upon appellant's plea of true, the jury found that two enhancement allegations were true and assessed his punishment at confinement for ninety-nine years. We affirm.

Brownwood Police Officer Chandra Means was assisting an animal control officer when she saw a Chevrolet Lumina stopped in the middle of the road. There was no stop sign or other traffic control device that would indicate that a driver should stop his vehicle or yield the right-of-way at that location. As the driver began to drive off in the vehicle, he swerved into oncoming traffic and almost collided head-on with another vehicle. Officer Means got into her patrol car and pursued the Lumina.

Officer Means found the vehicle in front of a residence, parked and facing the wrong direction; appellant was in the driver's seat. When Officer Means approached appellant, she could smell the strong odor of an alcoholic beverage coming from him. She asked appellant to step out of the vehicle, and although he complied, he was having a difficult time maintaining his balance. It was necessary for Officer Means to guide appellant to level ground so that she could continue to speak to him. Officer Means not only smelled the alcohol on appellant, she saw that his eyes were glassy and red. There was a partially empty bottle of whiskey inside appellant's vehicle.

When Officer Means explained to appellant that she was going to administer certain tests for intoxication, appellant claimed that he had not been drinking. Officer Means administered the Horizontal Gaze Nystagmus test to appellant. The results of that test indicated that appellant was intoxicated. Officer Means tried to get appellant to perform other field sobriety tests, but appellant was unable to follow the instructions or to keep his balance. Eventually, appellant claimed that the police were "harassing" him, and he refused to continue with the field sobriety tests. Officer Means felt that appellant was a danger to himself and that "he didn't need to be driving his vehicle." In Officer Means's opinion, appellant was intoxicated as that term is defined by statute. *See* TEX. PENAL CODE ANN. § 49.01(2) (West 2011). After appellant refused a breath test, Officer Means had a specimen of appellant's blood drawn. The test results showed that appellant's blood contained 0.17 grams of alcohol per 100 milliliters of blood, which is over double the level necessary to show intoxication as set forth in the statute. *See* Section 49.01(2)(B).

In his first issue, appellant argues that the trial court erred when it instructed the jury that the jury could consider appellant's refusal to take a breath test as evidence of intoxication. The State concedes that this was error. *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (instruction that jury could infer intoxication from defendant's refusal to take breath test is an impermissible comment on the weight of the evidence). Because appellant objected to this part of the charge, we review the record to determine whether appellant suffered "some harm." *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994).

As we have outlined above, appellant was sitting in his vehicle in the middle of the road for no apparent reason, swerved into oncoming traffic when he did move his vehicle

2

from the middle of the road, parked his vehicle on the wrong side of the road, smelled of an alcoholic beverage, had red and glassy eyes, failed the HGN test, could not perform any of the field sobriety tests administered to him, and failed a blood-alcohol test. In this case, given the overwhelming weight of the evidence against appellant on the issue of intoxication, we cannot say that there was any harm done to appellant when the trial court gave the instruction to the jury. Appellant's first issue is overruled.

In his second issue, appellant takes the position that the trial court erred when it denied his request for an instruction on a lesser included offense: the misdemeanor offense of driving while intoxicated (having only one prior conviction for an offense related to the operation of a motor vehicle while intoxicated). *See* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2011). Appellant argues that he was entitled to the instruction because the evidence of one of the prior Brown County convictions as well as the Dallas County conviction was so weak that it would not support a finding that he had been convicted of either of them.

We note that appellant has not raised an issue as to whether the evidence is sufficient to support his conviction, and we are not to be taken as addressing that area. Instead, appellant reasons that the jury would not be warranted in finding that he was one and the same person as named in the records that show the prior convictions. It then follows, appellant maintains, that a jury could only rationally find that he was guilty of misdemeanor driving while intoxicated with one prior conviction for an offense related to the operation of a motor vehicle while intoxicated. However, as we have said, there must be some evidence in the record that would allow a rational jury to find that appellant was guilty only of misdemeanor driving while intoxicated. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 447 (Tex. Crim. App. 1981). It is not enough that the jury might disbelieve evidence that pertains to the greater offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

Thus, if a defendant requests it, a trial court must include a lesser-included-offense instruction in the jury charge when the lesser offense is a lesser included offense and when some evidence exists that would allow a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006) (defining lesser included offense); *McKinney v. State*, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006); *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). Driving while

3

intoxicated, with one prior conviction for driving while intoxicated, is a lesser included offense of driving while intoxicated with two prior convictions. *Guess v. State*, No. 12-08-00448-CR, 2010 WL 681345, at \*4 (Tex. App.—Tyler Feb. 26, 2010, pet. ref'd) (mem. op., not designated for publication). The State has so stipulated on appeal.

Under the second prong of the test, we are to evaluate the evidence and determine whether some evidence exists that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). The evidence must establish that the lesser included offense is a valid, rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We are to review all of the evidence when we address this point. *See Rousseau*, 855 S.W.2d at 673. If the evidence raises the issue of a lesser included offense, a trial court must so charge the jury regardless of who introduced the evidence and irrespective of whether it is "strong, weak, unimpeached, or contradicted." *Id*. at 672.

The State alleged three prior driving-while-intoxicated offenses—two in Brown County and one in Dallas County. Both Brown County offenses are supported by judgments and sentences. However, the judgments and sentences contained no identifying information except that they bore the same name as that of appellant. Lee Haney was the sitting trial judge at the time of the convictions shown in the two judgments and sentences. Former Judge Haney testified that appellant was one and the same person as named in the judgments and sentences. Lauren Davidson, adult community supervision officer for Brown County, told the jury that she remembered that her department supervised appellant when he received probation in one of the Brown County cases.

When there is no other identifying information contained in a judgment, the State is required only to present some independent evidence that the accused is one and the same person as the one convicted. *Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App.—Tyler 1993, no pet.). That evidence can come from a person who was present at the time the prior conviction took place. *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). The testimony we have

4

referred to is some evidence that appellant is one and the same person as the person named in both of the Brown County judgments and sentences.

Even though the State alleged three prior convictions in addition to the two enhancement paragraphs, it was only required to prove two prior driving-while-intoxicated related convictions because that is the offense with which the State charged him. Nevertheless, we will also discuss the Dallas County conviction. There was no judgment and no sentence in that case because they had been destroyed pursuant to local record-retention policies. However, there was testimony that appellant's certified driving record contained a driver's license number that matched appellant's driver's license number; that the record revealed that appellant took a driving while intoxicated education course in the same year of the Dallas conviction; that the Dallas County clerk's records show that appellant had pleaded guilty to some unknown offense, but that it was the same number that was associated with the driving while intoxicated education course taken in Dallas County; and that driving while intoxicated offenses are the only offenses for which there is a reporting requirement for driving while intoxicated education courses. This testimony is some evidence that appellant is one and the same person as the person named as the person convicted in the Brown County judgments and sentences and who was also convicted for driving while intoxicated in Dallas County as alleged.

The evidence we have outlined would not permit a jury to rationally find that, if appellant is guilty, he is guilty only of the lesser misdemeanor driving while intoxicated offense. Therefore, he was not entitled to a charge on the lesser included offense of misdemeanor driving while intoxicated. We overrule appellant's second issue on appeal.

The judgment of the trial court is affirmed.

PER CURIAM

May 10, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5