Opinion filed May 10, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00155-CR

                                                    __________

 

                               CARL
ANTHONY WEBB, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20308

 



 

                                            M
E M O R A N D U M   O P I N I O N

The jury convicted
Carl Anthony Webb of the offense of felony driving
while intoxicated.  Upon appellant’s
plea of true, the jury found that two enhancement allegations were true and
assessed his punishment at confinement for ninety-nine years.
We affirm.

Brownwood Police
Officer Chandra Means was assisting an animal control officer when she
saw a Chevrolet Lumina stopped
in the middle of the road. 
There was no stop sign or other traffic control
device that would indicate that a driver
should stop his vehicle or yield the right-of-way at that location.  As the driver began to drive off in the vehicle,
he swerved into oncoming
traffic and almost collided head-on with another
vehicle.  Officer Means got into her patrol car and
pursued the Lumina.

Officer Means found the vehicle
in front of a residence, parked and facing
the wrong direction; appellant was in the driver’s
seat.  When Officer Means approached
appellant, she could smell the strong odor of an alcoholic beverage
coming from him.  She
asked appellant to step out of the vehicle,
and although he complied, he was having a
difficult time maintaining his balance.  It was necessary
for Officer Means to guide appellant to level ground so that she could continue to speak to him.  Officer
Means not only smelled the alcohol on appellant, she saw that his eyes were glassy and red.  There was a partially
empty bottle of whiskey inside
appellant’s vehicle.

When Officer Means
explained to appellant
that she was going to administer certain
tests for intoxication, appellant
claimed that he had not been drinking.  Officer Means administered the Horizontal Gaze Nystagmus test to
appellant.  The results of that test indicated that appellant was intoxicated. 
Officer Means tried to get appellant
to perform other field sobriety tests,
but appellant was unable to follow the instructions or to keep his balance.  Eventually, appellant claimed that the police were
“harassing” him, and he refused
to continue with the field
sobriety tests.  Officer Means felt that appellant was a danger to himself
and that “he didn’t need to be driving his vehicle.”
 In
Officer Means’s opinion, appellant
was intoxicated as that term is defined
by statute.  See Tex. Penal Code Ann. § 49.01(2) (West
2011).  After appellant refused a breath test, Officer Means had a specimen of
appellant’s blood drawn.  The test results showed that appellant’s blood
contained 0.17 grams of alcohol per 100 milliliters of blood, which is over double
the level necessary to show intoxication as set forth in the statute.  See
Section 49.01(2)(B).

In his first issue, appellant argues that the trial court erred when it instructed the jury that the jury could consider appellant’s refusal to take a breath
test as evidence of intoxication.  The State concedes that this was error. 
Bartlett v. State, 270 S.W.3d 147, 153 (Tex.
Crim. App. 2008) (instruction that jury could infer intoxication from defendant’s refusal
to take breath test is an
impermissible comment on the weight
of the evidence).  Because appellant
objected to this part of the charge, we
review the record to determine whether appellant suffered
“some harm.”  Abdnor v. State, 871
S.W.2d 726, 731–32 (Tex. Crim.
App. 1994).

As we have outlined above, appellant was sitting
in his vehicle in the middle of the
road for no apparent reason, swerved into oncoming traffic
when he did move his vehicle
from the middle of the road, parked his vehicle
on the wrong side of the road, smelled of an alcoholic beverage, had red and glassy eyes, failed the HGN test, could not perform any of the field sobriety
tests administered to him, and failed a blood-alcohol test. In
this case, given the overwhelming weight of the evidence
against appellant on the issue of intoxication, we cannot say that there was any harm done to appellant
when the trial court gave the
instruction to the jury. 
Appellant’s first issue is overruled.

In his second issue, appellant
takes the position
that the trial court erred when it denied his request for an instruction on a lesser included
offense: the misdemeanor offense of driving while intoxicated (having only one prior conviction for an offense related to the operation of a motor vehicle while intoxicated).  See
Tex. Penal Code Ann. § 49.09(a)
(West Supp. 2011). Appellant argues that he was entitled to the instruction because the evidence of one of the prior Brown County convictions as well as the Dallas County conviction was so weak that it would not support
a finding that he had been convicted of either of them.

We note that appellant has not raised an issue as to whether the evidence
is sufficient to support his conviction, and we are not to be taken as
addressing that area.  Instead, appellant reasons that the jury would not be
warranted in finding that he was one and the same person as named in the
records that show the prior convictions.  It then follows, appellant maintains,
that a jury could only rationally find that he was guilty of misdemeanor
driving while intoxicated with one prior conviction for an offense related to
the operation of a motor vehicle while intoxicated.  However, as we have said,
there must be some evidence in the record that would allow a rational jury to
find that appellant was guilty only of misdemeanor driving while intoxicated.  Rousseau v.
State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); Royster v. State,
622 S.W.2d 442, 447 (Tex. Crim. App. 1981).  It is not enough that the jury
might disbelieve evidence that pertains to the greater offense.  Bignall v.
State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

Thus, if a defendant requests it, a
trial court must include a lesser-included-offense instruction in the jury charge when the lesser offense is a lesser included offense and when some evidence exists  that would
allow a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense.  See
Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006) (defining lesser
included offense); McKinney v. State,
207 S.W.3d  366, 370 (Tex. Crim.
App. 2006); Guzman v. State,
188 S.W.3d 185, 188 (Tex. Crim. App. 2006).  Driving while intoxicated, with one prior conviction for driving while
intoxicated, is a lesser included
offense of driving while intoxicated
 with two prior convictions.  Guess v. State,
No. 12-08-00448-CR, 2010 WL 681345, at *4 (Tex. App.—Tyler Feb. 26, 2010,
pet. ref’d) (mem. op., not designated for publication).  The State has so
stipulated on appeal.

Under the second prong of the test, we are to
evaluate the evidence and determine whether some evidence exists that
would permit a jury to rationally find that, if the defendant
is guilty, he is guilty only of the lesser offense.
Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim.
App. 2002).  The evidence
must establish that the lesser included offense is a valid,
rational alternative to the charged offense.  Wesbrook v. State, 29
 S.W.3d 103, 113 (Tex. Crim. App. 2000). 
“[T]here  must be some evidence
directly  germane  to the lesser-included offense for the finder of fact to
consider before an instruction on a lesser-included offense is warranted.”  See Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). 
We are to review all of the evidence when we address this point.  See
Rousseau, 855 S.W.2d at 673.  If the evidence raises the issue of a lesser
included offense, a trial court must so charge the jury regardless of who introduced the evidence and irrespective
of whether it is “strong,
weak, unimpeached, or contradicted.” 
Id. at 672.

The State alleged three prior driving-while-intoxicated
offenses—two in Brown County and one in
Dallas County.  Both Brown County offenses are supported by judgments and sentences.
 However, the judgments and sentences
contained no identifying information except that they bore the same name as that of appellant.  Lee Haney was the sitting trial judge at the time of the convictions shown in the two
judgments and sentences.  Former Judge Haney
testified that appellant
was one and the same person as named in the judgments
and sentences.  Lauren Davidson, adult community
supervision officer for Brown County, told the jury that she remembered that her department supervised appellant
when he received probation in one of the Brown County cases.

When there is no other
identifying information contained in a judgment,
the State is

required only to present some independent evidence that the accused is one and the same
person as the one convicted.  Griffin v. State, 866 S.W.2d 754, 756 (Tex. App.—Tyler 1993, no pet.). That evidence can come from a person who was present at the time the prior conviction took place.  Beck v. State,
719 S.W.2d 205, 210 (Tex. Crim.
App. 1986).  The testimony we have referred to is some evidence that appellant is one and the same person as the person
named in both of the Brown County judgments
and sentences.

Even though the State alleged three prior convictions in addition to the two enhancement
paragraphs, it was only required
to prove two prior driving-while-intoxicated related convictions because that is the offense with which the State charged him.
 Nevertheless, we will also discuss the Dallas County conviction.  There was no judgment and no sentence in that case because
they had been destroyed pursuant to local record-retention
policies.  However, there  was testimony that appellant’s certified driving
record contained a driver’s
license number that matched appellant’s driver’s license number;
that the record revealed that appellant took a driving while intoxicated education course in the same year of the Dallas conviction; that the Dallas County
clerk’s records show that appellant had pleaded guilty to some unknown offense, but that it was the same number that was associated with the driving while intoxicated education course taken in Dallas County;
and that driving while intoxicated offenses are the only offenses for which there is a reporting requirement for driving
while intoxicated education courses.  This testimony is some evidence
that appellant is one and the same person as the person named as the person convicted in the Brown County judgments and sentences and who
was also convicted for driving while intoxicated in Dallas County as alleged.

The evidence we have outlined
would not permit
a jury to rationally find that,
if appellant is guilty, he is guilty only of
the lesser misdemeanor driving while intoxicated offense. Therefore, he was not entitled
to a charge on the lesser included
offense of misdemeanor driving while intoxicated.
 We
overrule appellant’s second issue on appeal.

The judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

May 10, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.