**AFFIRMED; Opinion Filed June 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00304-CR

## AARON GREGORY MOSEMAN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81079-2012**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

This is an appeal from a bench trial. In two issues, Aaron Moseman asserts the evidence

is insufficient to support his conviction for felony driving while intoxicated (DWI).[1] We affirm

the trial court's judgment.

### I. FACTUAL AND PROCEDURAL CONTEXT

Plano police officer Rob Shelton was on patrol in the early morning hours of November

11, 2011 when he came across a one-car "rollover accident." Shelton stopped and approached a

group of people standing near the car. Moseman was in the group and appeared to have a "fresh

---

[1] As relief, Moseman asks the Court to set aside the judgment and acquit him, "make a determination of guilt of any lesser included offense," or modify the judgment . . . and remove or delete or order removed or deleted the finding in regards to one of the enhancement allegations used." Moseman, however, raises and briefs only the sufficiency issues. *See* TEX. R. APP. P. 38.1(f),(i). Accordingly, we limit our review to those issues. *See State v. Mason*, 980 S.W.2d 635, 641 n.3 (Tex. Crim. App. 1998) (argument unsupported by authority not preserved for appellate review).

cut" on his hand and wrist. Shelton asked Moseman if he had been driving, and Moseman replied that he had and the accident had just happened. After Shelton established no one else had been involved in or witnessed the accident, the others in the group left. Shelton asked Moseman for identification and, noticing Moseman had bloodshot eyes, "swaying stance," slurred speech, and a "very strong odor of alcoholic beverage on or about his person," asked Moseman if he had been drinking. Moseman initially denied he had, but after Shelton commented he could smell alcohol on Moseman, Moseman admitted he had a beer an hour earlier at a restaurant about five miles away and another beer around 7:00 p.m. at a different location. Moseman also admitted he had two prior DWIs. Concerned because Moseman had been in a car that "flipped over," Shelton called the paramedics. Moseman was taken to a nearby hospital for an evaluation. Test results there revealed a blood alcohol concentration (BAC) level of .15, nearly twice the legal limit. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011). Moseman was arrested and charged with felony DWI.

At trial, Shelton testified that when he arrived at the scene the car was not running, but the "lights were on." Shelton recalled "there was a couple of cars pulled over" and a "male and female" standing "around," but they did not "look[] like or state[] they were involved in the accident." Shelton administered the horizontal gaze nystagmus (HGN) test on Moseman while waiting on the paramedics and obtained six out of six clues. Shelton did not administer any other field sobriety tests, but based on the HGN test results and Moseman's speech and appearance, believed Moseman was intoxicated from drinking alcohol. Asked to describe the road where the accident occurred, Shelton stated it was "straight and level" and, at the time of the accident, had little traffic. Shelton also stated he did not see anything on the road that could have caused the accident. On cross-examination, Shelton admitted he did not know what time the accident

occurred or how long Moseman had been on the side of the road. Shelton stated, however, that to his knowledge, the accident had not yet been reported when he arrived at the scene.

Shelton's car was equipped with an in-car video camera, and the recording of the stop was admitted into evidence. Also admitted into evidence was the car's title and registration. These documents reflected the car was registered to Gregory A. Moseman and Jacquelyn J. Moseman, whose address as listed on the documents matched Moseman's home address.

Moseman did not testify and did not call any witnesses.

Concluding Moseman was driving at the time of the accident "based upon not only his statement and his proximity to the [car] but also the injuries he was suffering from at the time," the trial court found Moseman guilty and subsequently sentenced him to four years in prison.

## II. SUFFICIENCY OF THE EVIDENCE

Moseman contends the evidence is legally insufficient to support the conclusions that he was driving the car and was intoxicated at the time of driving. Moseman asserts his admission that he was driving was alone insufficient and the evidence that he had a fresh cut on his wrist and that the car belonged to Gregory and Jacquelyn Moseman showed that he "could have been involved in [the] accident" but not that he was driving. Moseman further asserts that the State offered no evidence of his BAC at the time he was driving and made "no attempt to establish any retrograde extrapolation of the BAC."

### A. Standard of Review

A legal sufficiency review entails a review of all the evidence in the light most favorable to the verdict for a determination of whether, based on the evidence and reasonable inferences, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). Under this standard, circumstantial evidence is as probative as direct evidence and, alone can be sufficient to establish

guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In assessing the sufficiency of the evidence, the reviewing court gives deference to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and inferences drawn. *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

### B. Applicable Law

A person commits the offense of DWI "if the person is intoxicated while operating a motor vehicle in a public place." If the person has previously been convicted twice of any offense relating to the operating of a motor vehicle while intoxicated, the offense is a third degree felony. *See id.* § 49.09(b)(2) (West Supp. 2013).

### C. Application of Law to Facts

While Moseman correctly asserts in his first issue that his confession alone was insufficient to show he was driving, *see Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002), other evidence was admitted suggesting he was driving. That evidence included Moseman's presence near the car, the fresh cut to his wrist, the car's title and registration reflecting the owners shared Moseman's last name and lived at the same address, and the denial, and subsequent departure, by everyone else at the scene that they had been involved in the accident. Although Moseman contends the cut to his wrist and the car's registration show only that he "could have been involved in the accident," we conclude that evidence, combined with the rest of the evidence, corroborated his admission that he was driving and was sufficient to prove that element. *See*, *e.g.*, *Turner v. State*, 877 S.W.2d 513, 515-16 (Tex. App.-–Fort Worth 1994, no pet.) (evidence that appellant was found standing next to car within minutes of city power outage caused by damage to transformers in car's path, steam was spewing from car indicating accident had just happened, and no other possible drivers seen in area sufficient to corroborate appellant's admission he drove car); *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.-

–4–

–Austin 1990, pet. ref'd) (evidence that car was registered to person with whom appellant lived sufficient to corroborate appellant's admission he drove car). Viewing the evidence in the light most favorable to the verdict, we conclude the trial court could have found beyond a reasonable doubt that Moseman was driving. We resolve Moseman's first issue against him.

Respecting the element of intoxication, evidence presented included Moseman's admission he had been drinking and had a beer about an hour before the accident at a restaurant five miles from the scene; Moseman's admission that the accident had just happened; Shelton's testimony that the accident had not yet been reported when he arrived at the scene; Shelton's testimony that Moseman displayed six out of six clues on the HGN test, had bloodshot eyes, "swaying stance," slurred speech, and a "very strong odor" of alcohol on him; Shelton's testimony that the road where the accident occurred was "straight and level," had little traffic, and was clear of any object that could have caused the accident; and, Moseman's BAC level of .15 shortly after he arrived at the hospital. From this evidence, we conclude the trial court could have inferred Moseman was intoxicated at the time of driving. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (evidence of intoxication at scene of one-car accident with inanimate object and high-blood alcohol level found in a sample taken at the scene sufficient to support inference either that appellant was recently involved in accident or that he had been intoxicated "for quite a while"); *Guess v. State*, 419 S.W.3d 361, 366 (Tex. App.-–Tyler 2010, pet. ref'd) (evidence that hood of car was warm when officer arrived, appellant told trooper he had been on side of road for hour, and evidence appellant was intoxicated when trooper arrived sufficient to prove intoxication at time of driving); *Ubesie v. State*, 379 S.W.3d 371, 377-78 (Tex. App.-–Amarillo 2012, no pet.) (evidence that appellant was driving approximately twenty-five minutes prior to encounter with officer who found appellant confused, stumbling, slurring his speech, "behaving in a bizarre manner," and "barely" able to keep his

–5–

eyes open sufficient to establish appellant was intoxicated while driving); *Zavala v. State*, 89 S.W.3d 134, 139-40 (Tex. App.--Corpus Christi 2002, no pet.) (evidence that appellant had last drink no later than 11:30 p.m., accident occurred before 3:40 a.m. when police dispatched to scene, and appellant intoxicated at time of arrest sufficient to show appellant intoxicated at time of driving).

Although Moseman asserts in his second issue that the State offered no evidence of his BAC level at the time of his driving and made "no attempt to establish any retrograde extrapolation of the BAC," the State was not required to do either. Circumstantial evidence of "erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, [and] any admissions by the defendant concerning what, when, and how much he had been drinking" raise an inference the defendant was intoxicated at the time of driving and is sufficient to support a DWI conviction. *See Kirsch v. State*, 306 S.W.3d 738, 745-46 (Tex. Crim. App. 2010). Moseman's second issue is also resolved against him.

## III. CONCLUSION

Having resolved Moseman's two issues against him, we affirm the trial court's judgment.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130304F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON GREGORY MOSEMAN,
Appellant

No. 05-13-00304-CR     V.

STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-81079-2012.
Opinion delivered by Justice Lang.   Justices
FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 30th day of June, 2014.